## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELDRICH ANDERSON,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:24-cv-02583-GCS** |
| **LIEUTENANT DAVISAC and CORRECTIONAL OFFICER MCKINNEY,** | |
| **Defendants.** | |

## <u>MEMORANDUM & ORDER</u>

**SISON, Magistrate Judge:**

Plaintiff Eldrich Anderson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Lawrence Correctional Center. In the Complaint, Anderson alleges that Defendants used excessive force in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 7), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court, the IDOC, and Wexford Health Sources, Inc.

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Anderson alleges that on August 26, 2023, he was passing out trays to inmates in 7 House on B-Wing at Lawrence. (Doc. 1, p. 6). He alleges that it was one of the hottest days of the year. He was asked to lock up by Correctional Officer McKinney while the nurse passed out medications. When McKinney came back for Anderson to finish passing out food, Anderson stood up and immediately got lightheaded from the heat. He passed out and hit his head on the toilet. *Id*. He then started convulsing. *Id*.

Officer McKinney initially sought to help Anderson by rolling Anderson on his side. (Doc. 1, p. 6). But he then called a staff assault. *Id*. In an attached grievance, McKinney admitted that he accidently called the wrong code when seeking help for Anderson. *Id.* at p. 10. In response to the code, officers immediately came to the cellhouse and began macing and beating Anderson. *Id*. They used extreme force despite Anderson's need for medical attention. *Id*. Lieutenant Davisac approached and upon seeing Anderson and on officer on the ground, he immediately pulled the officer back and began macing Anderson. *Id*. It was difficult for Anderson to breathe. An officer put his foot on Anderson's back and officers continued to beat Anderson. *Id*. His muscles began to convulse and seize, which officers took as resistance. *Id*. Anderson alleges that the officers did not know that he needed medical care. They continued to beat Anderson. He eventually was knocked unconscious and woke up later handcuffed. *Id*. at p. 7. Anderson alleges the cuffs were so tight that they tore his skin.

Anderson alleges that after the assault he clearly needed medical care, but correctional officers treated the situation as a staff assault and refused him care. They forced him to walk to disciplinary segregation. (Doc. 1, p. 7).

DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment excessive force claim against Correctional Officer McKinney for calling a staff assault leading staff to use excessive force against Anderson.**
>
> **Count 2:** **Eighth Amendment excessive force claim against Lieutenant Davisac for macing Anderson.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Anderson fails to state a claim against McKinney for excessive force. To state an Eighth Amendment excessive force claim, a plaintiff must demonstrate that the force "was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010). *See also Hudson v. McMillian*, 503 U.S. 1, 7 (1992). But here, the allegations suggest that

---

[2] *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

McKinney *accidently* called a staff assault leading to the other officers' response. Nothing in the Complaint suggests that McKinney acted maliciously or that he used force against Anderson. Thus, any claim against McKinney is **DISMISSED without prejudice**.

Anderson does, however, state a claim against Lieutenant Davisac in Count 2. McKinney alleges that Davisac maced Anderson despite Anderson merely lying on the ground, convulsing. His use of force when Anderson was allegedly uncombative could amount to excessive force. Thus, Count 2 shall proceed.

In addition to his claims of excessive force, Anderson notes that he needed medical attention and officers used force instead. But Anderson fails to allege that any defendant acted with deliberate indifference to his need for medical care. *See, e.g., Rasho v. Elyea*, 856 F.3d 469, 475-476 (7th Cir. 2017) (noting that to state a claim for deliberate indifference, a plaintiff must allege that he suffered from an objectively serious medical condition and defendants were deliberately indifferent to a risk of harm from that condition). Anderson alleges that McKinney initially helped him, but then accidently called the wrong code. Thus, it appears, at most, that McKinney acted with negligence in failing to call for medical care and, instead, calling a staff assault code. But negligence does not amount to deliberate indifference. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Further, there are no allegations to suggest that any of the responding officers, including Lt. Davisac, were aware of Anderson's need for medical care as they were responding to a staff assault code. There are simply no allegations suggesting deliberate indifference by any officer. Thus, to the extent Anderson raises a deliberate indifference claim for his medical condition, his claim is **DISMISSED without prejudice**.

## DISPOSITION

For the reasons stated above, Count 2 shall proceed against Lieutenant Davisac. Count 1 against McKinney and any potential claim for deliberate indifference to medical needs are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Lieutenant Davisac: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Anderson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Anderson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Anderson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Anderson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  January 30, 2025.**

Digitally signed by
Judge Sison
Date: 2025.01.30
13:18:42 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**